2013 UT App 130

# THE UTAH COURT OF APPEALS

DEANDRA PEYTON,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20120652-CA
Filed May 23, 2013

Original Proceeding in this Court

DeAndra Peyton, Petitioner Pro Se
Amanda B. McPeck, Attorney for Respondent

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1   DeAndra Peyton petitions for review of the Workforce Appeals Board's (the Board) decision affirming the denial of benefits and finding that Peyton was discharged for just cause. We decline to disturb the Board's decision.

¶2   A claimant is ineligible for unemployment benefits if she was discharged for just cause. *See* Utah Code Ann. § 35A-4-405(2)(a) (LexisNexis 2011). The determination of whether an employer had just cause to terminate an employee is a mixed question of law and fact. *See Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372. We disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011). This court will uphold the Board's decision applying law to facts "so long as it is within the realm of reasonableness and rationality." *See Arrow Legal*

*Solutions Grp., PC v. Department of Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830.

¶3     To establish just cause for a termination, the elements of culpability, knowledge, and control must be shown. *See* Utah Admin. Code R994-405-202. The Board determined that each of those elements had been met. Peyton contends that based upon the evidence presented, there was no just cause to terminate her.

¶4     Culpability is established if the conduct causing the discharge is "so serious that continuing the employment relationship would jeopardize the employer's rightful interest." *Id.* R994-405-202(1). Peyton was terminated after her employer learned that she had been eavesdropping on a conversation between several of her superiors. Peyton acknowledges that this was a mistake in judgment but was otherwise an isolated event that should not have resulted in termination. Accordingly, she argues that her conduct was not so serious as to jeopardize the employer's rightful interest. However, the Board found that this was not an isolated incident. Peyton had just left a meeting with her superiors that addressed a prior warning for inappropriate behavior. Further, she had received warnings for inappropriate behavior in the past. The Board also determined that Peyton's act of eavesdropping on her superiors constituted a breach of trust "that is nearly impossible to reestablish." Accordingly, based upon these circumstances the Board determined that Peyton was culpable.

¶5     To establish knowledge, an employer must show that the claimant "had knowledge of the conduct the employer expected." Utah Admin. Code R994-405-202(2). "There does not need to be evidence of a deliberate intent to harm the employer; however, it must be shown that the claimant should have been able to anticipate the negative effect of the conduct." *Id.* The Board determined that despite the fact that Peyton did not know her eavesdropping would lead to her termination, she could have anticipated that there would be negative consequences if her conduct was discovered, and she should have known that such

conduct was harmful to her employer's interest. In so deciding, the Board found that it is "universally understood that one should not listen at closed doorways to private conversations." Accordingly, the Board determined that Peyton "should have known she could not stand at the doorway and listen in on that private meeting."

¶6     The element of control is established by showing that the conduct causing the discharge was within the employee's control. *See id.* R994-405-202(3). Peyton asserts that she did not have the ability to control her actions because the meeting she had with her supervisors to discuss her prior conduct did not end until 9:45 in the morning. Because of this she was unable to take her anti-anxiety medicine, which she was supposed to take at 9:30 every morning. Accordingly, she argues that the fifteen minute delay in taking her medications made her unable to control her own actions. The Board found that if Peyton needed to take a break during the meeting to take her medicine, she could have asked. Further, the Board determined that Peyton had failed to adequately explain why a fifteen minute delay in taking her medication would cause her to refuse to return to work when so directed after her meeting or cause her decision to eavesdrop on a private conversation.

¶7     The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's decision that Peyton was discharged for just cause based upon the employer's establishment of culpability, knowledge, and control is reasonable and rational. Accordingly, we decline to disturb the Board's decision disqualifying Peyton from receiving benefits based upon her termination for just cause.

———————